```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                        :
KEYONIA M. MOORER,                      :   Case No. 4:14-CR-426
                                        :   Case No. 4:16-CV-2211
            Petitioner,                 :
                                        :
      v.                                :   OPINION & ORDER
                                        :   [Resolving Doc. 330, 4:14-CR-426]
UNITED STATES OF AMERICA,               :   [Resolving Doc. 1, 4:16-CV-2211]
                                        :
            Respondent.                 :
                                        :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Keyonia M. Moorer petitions for a writ of habeas corpus under 28 U.S.C. § 2255.[1] She argues that the Court should vacate her sentence and apply the changed mitigating role reduction found in United States Sentencing Guidelines ("Guidelines") Amendment 794.  Amendment 794 was adopted and became effective after Moorer was sentenced.  For the reasons below, the Court **DENIES** Moorer's petition.

### I. Background

Petitioner Keyonia Moorer pleaded guilty to conspiracy to distribute heroin and conspiracy to launder money.[2]  With an offense level of 23 and a Criminal History Category of III, Moorer's Guidelines range was 60-71 months imprisonment.[3]  On July 27, 2015, the Court imposed a below-Guidelines 40-month sentence.[4]  Moorer did not appeal.

---

[1] Doc. 330. The government opposes. Doc. 332. Moorer replies. Doc. 333.
[2] Doc. 181.
[3] Doc. 218.
[4] Doc. 235.

Case No. 4:14-CR-426
Gwin, J.

On September 2, 2016, Moorer filed the instant § 2255 petition.[5] Moorer claims entitlement to a sentence reduction due to her allegedly minor role in the offense. In support, Moorer cites Amendment 794 to U.S.S.G. § 3B1.2 and *United States v. Quintero-Leyva*.[6]

## II. Discussion

*A. Petitioner Moorer's petition is untimely.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to § 2255 petitions. The limitations period begins to run from the latest of

> (1)[t]he date on which the judgment of conviction became final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[7]

The one year statute of limitations may be equitably tolled, but only if the petitioner can demonstrate "'(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing.'"[8]

Moorer's petition, filed on September 2, 2016, is time-barred. Moorer was sentenced on July 27, 2015, and judgment was entered two days later.[9] Her conviction and sentence became final upon expiration of the fourteen-day period during which she could have appealed.[10] Thus,

---

[5] Doc. 330.
[6] 823 F.3d 519 (9th Cir. 2016).
[7] 28 U.S.C. § 2255(f).
[8] *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).
[9] Doc. 235.
[10] *See United States v. Sanchez-Castellano*, 358 F.3d 424, 427 (6th Cir. 2004).

2

Case No. 4:14-CR-426
Gwin, J.

the deadline for filing a § 2255 petition was August 12, 2016. Even applying the "mailbox rule," which deems a petition filed when it is delivered to prison authorities for mailing, does not save the petition's timeliness.[11] Moorer did not sign the petition or present it for mailing until August 23, 2016, after the statute of limitations expired.[12] Moreover, she makes no argument that equitable tolling applies to save her claims here.[13]

*B. Petitioner Moorer waived her right to challenge her conviction on collateral appeal.*

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right.'"[14] This waiver applies to § 2255 claims if the defendant enters the waiver agreement knowingly and voluntarily.[15] Absent any manifest injustice, these waivers are enforceable.[16]

In her written plea agreement, Petitioner Moorer voluntarily and knowingly waived her right to collaterally attack her sentence, except in very limited circumstances.[17] Moorer's Guidelines-amendment argument does not fall within those exceptions. She was not sentenced in excess of the statutory maximum or the stipulated Guidelines range. To the contrary, she received a sentence below the range recommended by the Guidelines. She is not contesting her Criminal History Category. She is not raising ineffective assistance of counsel or prosecutorial

---

[11] *Houston v. Lack*, 487 U.S. 266, 270-72 (1988); *Brand v. Motely*, 526 F.3d 921, 925 (6th Cir. 2008).
[12] Doc. 330 at 1.
[13] Additionally, none of the alternate events triggering a limitations extension applies in this case. Moorer has pointed to no government-created impediment to filing, she does not assert any right newly recognized by the Supreme Court, and she does not present any new facts. *See* 28 U.S.C. § 2255(f).
[14] *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001) (citing *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)).
[15] *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *see also Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987).
[16] *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999).
[17] Doc. 181 at 6.

3

Case No. 4:14-CR-426
Gwin, J.

misconduct claims. Because Moorer's Guidelines claim falls within the scope of her waiver, Moorer has waived her right to bring this § 2255 claim.

*C. Petitioner Moorer cannot raise her Guidelines Amendment argument in a § 2255 motion.*

Moorer argues that the Court should vacate her sentence and apply a mitigating role reduction contemplated by Amendment 794 to Guidelines § 3B1.2. But even if Moorer had not waived her right to challenge her conviction and had timely filed the petition, her argument fails on the merits.

Title 28 United States Code Section 2255 gives a post-conviction means of collaterally attacking a federal conviction or sentence that violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge her conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[18]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[19] Non-constitutional errors are generally outside the scope of § 2255 relief.[20] A defendant can only prevail when alleging a non-constitutional error by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[21]

---

[18] 28 U.S.C. § 2255(a).
[19] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[20] *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).
[21] *See United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citation omitted).

4

Case No. 4:14-CR-426
Gwin, J.

Petitioner Moorer's resentencing motion is outside the scope of § 2255 relief. Moorer makes no showing of constitutional error. A minor role offense-level reduction is not of constitutional or jurisdictional magnitude. Nor is declining to reduce Moorer's sentence in light of Guidelines Amendment 794 "a complete miscarriage of justice."

Moorer's reliance on the Ninth Circuit's *Quintero-Leyva* decision is misplaced. Although the Sixth Circuit recently adopted the reasoning in *Quintero-Leyva*, it did so in an unpublished decision.[22] Moreover, in *Quintero-Leyva*, the Ninth Circuit held that Amendment 794 was retroactively applicable in cases *pending direct appeal*.[23] Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists the Guidelines amendments that are retroactively applicable to defendants on collateral review, and Amendment 794 is not listed.[24] *Quintero-Leyva* does not create an actionable new right under federal law.

Additionally, the mitigating role reduction does not apply to Petitioner Moorer. After Amendment 794, "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered" for a reduction.[25] The Amendment added a non-exhaustive list of factors for courts to consider, including "the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts."[26] Moorer played significant, essential roles in both the drug distribution and money laundering conspiracies: she transported 250 grams of heroin in her minor daughter's backpack, and she deposited drug trafficking proceeds into bank accounts and

---

[22] *See United States v. Carter*, -- F. App'x ---, 2016 WL 5682707, at *6 (6th Cir. Oct. 3, 2016).
[23] 823 F.3d at 524.
[24] *Johnson v. United States*, No. 2:10-cr-185, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17, 2016) (citing *United States v. Perez-Carrillo*, Nos. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016)).
[25] U.S.S.G. § 3B1.2 (2015).
[26] U.S.S.G. § 3B1.2, cmt. n.3(c) (2015).

5

Case No. 4:14-CR-426
Gwin, J.

then purchased cashier's checks payable to other conspirators.[27] Moorer was not a minor participant under § 3B1.2.

Finally, this Court already considered Moorer's departure motion, which argued, in part, that she played a lesser role in the conspiracy overall.[28] After considering all the crime and Moorer's background, including her role in the offense, the Court departed from her advisory Guidelines range of 60-71 months and sentenced Moorer to 40 months imprisonment. Moorer's claim has no merit.

### III. Conclusion

For the reasons stated in this opinion, this Court **DENIES** Moorer's petition. Because Moorer has not "made a substantial showing of the denial of a constitutional right," this Court certifies that there is no basis upon which to issue a certificate of appealability.[29]

IT IS SO ORDERED.

Dated: December 1, 2016          *s/ James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[27] Doc. 181 at 7-8, 15-17.
[28] Doc. 230 at 9-10.
[29] 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).

6